In the Matter of MICHAEL N. PETITO, as Supervisor of the Town of Oyster Bay, Petitioner, *v.* WILLIAM B. O'KEEFE, as Town Clerk of the Town of Oyster Bay, et al., Respondents.

Supreme Court, Special Term, Nassau County, October 21, 1966.

*George V. O'Haire* for petitioner. *Bernard F. McCaffrey, Town Attorney,* for respondents.

THEODORE VELSOR, J. This is a special proceeding under article 78 CPLR in which petitioner seeks an adjudication respecting the duties and functions of the Supervisor and Town Board concerning the proceedings taken upon the 1967 preliminary budget of the Town of Oyster Bay. The Town of Oyster Bay is a suburban town, governed by the provisions of article 3-A of the Town Law.

The controversy at hand arises out of the fact that upon receipt of a preliminary budget from the Supervisor, the Town Board made certain modifications and additions thereto and directed the Town Clerk to file the modified preliminary budget in his office and to advertise a public hearing thereon. The Supervisor contends that the Town Board is without power or authority to modify the preliminary budget submitted by him, and that it is the Supervisor's document in its original form which must be the subject of the public hearing.

By this proceeding petitioner demands a judgment directing the Town Clerk to make the petitioner's preliminary budget available for inspection and to desist from making any other document available for inspection, restraining the Town Clerk from giving notice of a public hearing pursuant to the resolution adopted by the Town Board (No. 1494A-1966) by which modification was effected, and directing the Town Board to adopt a resolution *as a ministerial act* calling for a public hearing on petitioner's original budget and declaring the resolution (No. 1494A-1966) illegal, invalid, null and void.

The relief sought requires determination that the Suburban Town Law (Town Law, §§ 51 and 52) stripped the Town Board of its budget making powers, vested the same in the Supervisor, and that the Town Board has no power to alter or modify a preliminary budget prior to holding a public hearing thereon.

The Supervisor bases his claim upon the provisions of section 52 of the Town Law (L. 1962, ch. 1009). This section provides, *inter alia,* " Except as otherwise provided in this article or other applicable law, in addition to the functions, powers and duties

of a supervisor as provided in this chapter and other laws of this state, the supervisor shall have the following functions, powers and duties:  *  *  *  2. On the basis of estimates submitted to him by departments, agencies and officers of the town, prepare annually the preliminary budget of the town and submit it to the town board and be responsible for administration of the annual budget after adoption by the town board ''.

It is urged that the provisions of article 3-A of the Town Law require the Town Board, upon receiving the preliminary budget prepared by the supervisor, to adopt it in the form proposed and to call for a public hearing thereon as a ministerial act. With this the court cannot agree. Section 51 of article 3-A continues the Town Board as the legislative, appropriating, governing and policy determining body and affords the board all powers and duties necessarily incidental thereto (§ 51). This section gives the board, in addition to functions, power and duties otherwise granted, '' On recommendation of the supervisor, approval of budget modifications '' (§ 51, subd. 2). With the foregoing exceptions article 3-A makes no provision concerning the budget system.

The budget system is established by article 8 of the Town Law which specifically applies to all towns (§ 100) and detailed procedures are outlined therein. The Town Clerk is required to assemble departmental estimates of expenditures, and he is required to present them to the Town Board before the 5th day of October (§ 111). Between the 5th and 10th days of October the Town Board is required to prepare and approve an itemized statement of estimated revenues and expenditures which shall be known as the preliminary budget (§ 112). After the preliminary budget has been prepared and approved, the Town Board is required to file the original thereof in the office of the Town Clerk, and adopt a resolution specifying the time and place where a public hearing will be held upon such preliminary budget, which shall be held on or before the Thursday immediately following the general election. Within 5 days thereafter the Town Board is required to adopt such preliminary budget as originally compiled, or diminish or reject any items but it *shall not have the power to increase* any item excepting those relating to highways or town indebtedness (§ 113).

Article 3-A cannot stand and be interpreted alone, but must be considered together with article 8.

The effect of article 3-A was to place in the Supervisor the duty of assembling estimates of revenue and expenditures, preparing the preliminary budget and submitting it to the Town

Board. By failing to change the balance of the budget procedures set forth in article 8, the provisions of such article continue to prevail and the Town Board continues to have the powers and duties set forth in article 8, which include the power and duty to approve the proposed preliminary budget, and as thus approved to hold a public hearing thereon. The functions of the Town Board respecting the preliminary budget cannot be said to be ministerial, and nothing is shown to suggest that section 51 intended so drastic a measure as to deprive the Town Board of a suburban town of the powers and duties concerning the budget system.

The Memorandum of the Office for Local Government which accompanied chapter 1009 of the Laws of 1962 (see N. Y. State Legis. Annual, 1962, p. 107 *et seq.*) points out that under the Suburban Town Law the Town Board's powers include policy making, financial, budget making and departmental organization.

The Counsel for the Office for Local Government has also indicated that in its view article 3-A (§ 52) in no way repeals or supersedes the provisions of article 8 (§§ 110–117) relating to the budget system, and that the preliminary budget prepared by the Supervisor is a proposal subject to review and revision before it becomes the official preliminary budget under section 112 of the Town Law. This has also been confirmed as the view of the Attorney-General in an unofficial opinion. The petition is dismissed.